UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLETUS FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | No.: 3:19-CV-350-DCLC-HBG ) ) |
| SEVIER COUNTY, RONALD SEALS, and RHETT RUTLEDGE, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM & ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee or he must file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $400.00 filing fee, nor has be submitted the proper documents to proceed *in forma pauperis*.[1]

The Clerk is **DIRECTED** to send Plaintiff a prison account statement form and an application for leave to proceed *in forma pauperis*. Plaintiff shall have thirty (30) days from the

---

[1] With his complaint, Plaintiff filed a handwritten motion for leave to proceed *in forma pauperis* in which he states that he has been unable to obtain a printout of his inmate trust account for the previous six-month period or a certified copy of his balance [Doc. 1 p. 1]. Accordingly, Plaintiff is **DIRECTED** to show this order to the custodian of trust accounts at his current facility, who is **DIRECTED** to make a copy of Plaintiff's inmate trust account statement, to complete and sign the certificate, and to provide Plaintiff with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff's complaint.

date of entry of this order to pay the full filing fee or to submit the necessary documents. Plaintiff is hereby **NOTIFIED** that if he fails to fully timely comply with this order, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

Also, the Clerk is **DIRECTED** to send a copy of this order to the Sheriff of Sevier County, as he may wish to inquire into whether officials at the Sevier County Jail are complying with the requirements of the PLRA, including the requirement that officials provide prisoners seeking to bring a civil action with a certified copy of the prisoner's trust fund account statement (or the institutional equivalent) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A), which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendant(s) of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**E N T E R:**

_____
Clifton L. Corker
United States District Judge